## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

—————————————————— :
CVI INVESTMENTS, INC.,         :
                       :
            Plaintiff, :
                       :
       v.                   :     Case No. 1:19-cv-10138
                       :
AMYRIS, INC.,           :
                       :
          Defendant.   :     **COMPLAINT**
—————————————————— :

Plaintiff CVI Investments, Inc. ("CVI") files this complaint against defendant Amyris, Inc. ("Amyris"), and in support thereof avers as follows:

### Introduction

1.      This is an action for specific performance and declaratory relief to compel the issuance of conversion shares under a Senior Convertible Note issued by Amyris to CVI, in the original principal amount of $68,330,028.45 (the "Note").

2.      Amyris defaulted on the Note by, among other things, failing to make a Mandatory Redemption Payment[1] for the full amount outstanding when due on September 16, 2019.  Thereafter, Amyris refused to honor its contractual obligations to convert amounts due on the Note into its Common Stock as requested by CVI.

3.      As a result of Amyris' refusal to honor its contractual obligations, CVI brings this action for specific performance, a declaratory judgment regarding CVI's conversion rights and other relief.

---

[1] Capitalized terms not defined in the Complaint will have the meanings ascribed to such terms in the Note.

## The Parties

4.     CVI is incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

5.     Amyris is incorporated under the laws of the State of Delaware, with its principal place of business located at 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

## Jurisdiction And Venue

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and is between a citizen of a state and a subject of a foreign state.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the parties agreed to exclusive venue in this Court and, in the alternative, because a substantial part of the events and omissions giving rise to the claims in this action occurred in this judicial district.

8.     Defendant is subject to personal jurisdiction in this judicial district because it consented to exclusive jurisdiction in this judicial district or, in the alternative, because it transacted business in the State of New York.

## Background

9.     Amyris markets itself as a biotechnology company that uses engineered organisms and sustainably sourced sugarcane to create products such as drugs, cosmetic emollients and fragrances, fuels, solvents, lubricants and nutraceuticals.  Amyris is a public company trading on the NASDAQ under the symbol "AMRS."

10.     On December 6, 2018, Amyris and CVI executed that certain Stock Purchase Agreement (the "SPA") under which CVI agreed to purchase the Note from Amyris in the

PHIL1 8328945v.3

principal amount of $55,000,000 pursuant to the terms thereof.  A true and correct copy of the SPA is attached hereto, made a part hereof and marked as **Exhibit A**.

11.     In connection with the SPA, on December 10, 2018, Amyris issued the Note to CVI, which was subsequently exchanged by agreements of the parties on May 15, 2019 and July 24, 2019.  The currently outstanding Note is in the amount of $68,330,028.45, representing default interest and other charges under the original obligation  that were added to the principal of the Note at the time of the July 2019 exchange.  In addition, Amyris owes CVI continually accruing interest, costs, fees, expenses, registration penalties and other charges and obligations owed under the Note and related documents and agreements.  A true and correct copy of the Note is attached hereto, made a part hereof and marked as **Exhibit B**.

12.     Among other features to the instrument, the holder of the Note is permitted, at its discretion, to convert debt amounts owed under the Note into "validly issued, fully paid and non-assessable shares of Amyris' Common Stock" pursuant to the terms thereof.  *See* **Exhibit B**, Section 3.

13.     On September 16, 2019, Amyris triggered an Event of Default under Section 4(a)(vi) of the Note by, among other things, failing to pay CVI the Mandatory Redemption Amount due thereunder.  *See* **Exhibit B**, Section 4(a)(iv).

14.     On September 17, 2019, CVI issued to Amyris an Event of Default Notice under Section 4(b) of the Note demanding payment of all amounts due under the Note.  *See* **Exhibit B**, Section 4(b). Amyris failed to cure the defaults on the Note.  A true and correct copy of the Default Notice is attached hereto, made a part hereof and marked as **Exhibit C**.

PHIL1 8328945v.3

15.     Amyris' defaults on the Note triggered, among other remedies, CVI's right to convert amounts due under the Note as an "Alternate Conversion" under Section 3(e) of the Note. *See* **Exhibit B**, section 3(e).

16.     Between October 1, 2019 and October 7, 2019, Amyris completed public filings with the Securities and Exchange Commission of its Annual Report on Form 10-K, as amended, for its fiscal year ended December 31, 2018, and quarterly reports on Form 10-Q for the fiscal quarters ended March 31, 2019 and June 30, 2019 (collectively, the "October 2019 SEC Filings").

17.     Amyris' Common Stock issuable upon conversion of the Note is currently eligible for resale under SEC Rule 144.

18.     Amyris' October 2019 SEC Filings show a grim financial picture.  For instance, as of June 30, 2019, Amyris only had $940,000 in cash and reported a net operating loss of nearly $104 million for the six-month period ending June 30, 2019.  Amyris' cumulative operating loss is approximately $1.6 billion.  On the same date, Amyris reported liabilities of approximately $298 million against assets of approximately $123 million.  These filings show that Amyris is insolvent.

19.     On October 8, 2019, CVI elected to convert a portion of the Note amount pursuant to the Alternate Conversion Price under Section 3(e) of the Note. CVI requested conversion of $3,069,000 of the Conversion Amount into 902,648 shares of Amyris' Common Stock (the "First Conversion Notice"). A true and correct copy of the First Conversion Notice is attached hereto, made a part hereof and marked as **Exhibit D**.

20.     Under Section 3(c)(i) of the Note, Amyris is required within one Trading Day of its receipt of a Conversion Notice from CVI to acknowledge "by facsimile or electronic mail an

acknowledgment of confirmation of receipt of such Conversion Notice and instructions to the Transfer Agent" to issue the required shares (the "Transfer Agent Notice Date"). The Transfer Agent is required to issue the Common Stock to CVI within two Trading Days after Amyris' receipt of the Conversion Notice, which is defined in the Note as the "Share Delivery Deadline". *See* **Exhibit B** at Section 3(c)(i).

21.     In response to the First Conversion Notice, Amyris performed its obligations under the Note by providing notice to the Transfer Agent on the Transfer Agent Notice Date. Consequently, the unrestricted Common Stock issuable to CVI under the First Conversion Notice was delivered to CVI prior to the Share Delivery Deadline.

22.     Subsequently, on or about October 22, 2019, CVI again elected to convert a portion of the Note amount pursuant to the Alternate Conversion Price under Section 3(e) of the Note. CVI requested conversion of $5,150,000 of the Conversion Amount into 1,852,518 shares of Amyris' Common Stock (the "Second Conversion Notice"). A true and correct copy of the Second Conversion Notice is attached hereto, made a part hereof and marked as **Exhibit E**.

23.     Despite previously honoring the First Conversion Notice, Amyris did not acknowledge the Second Conversion Notice and did not send the instructions to the Transfer Agent by the Transfer Agent Notice Date. The Common Stock issuable to CVI under the Second Conversion Notice was not delivered to CVI before the Share Delivery Deadline of October 24, 2019 and has not been delivered at any time after that date. Amyris offered no defense or explanation for its failure to comply with the Second Conversion Notice. Amyris' refusal to honor the Second Conversion Notice constitutes an additional Event of Default under the Note.

PHIL1 8328945v.3

24.     On or about October 28, 2019, through counsel, CVI demanded that Amyris immediately perform its obligations under the Note and issue to CVI the required Common Stock in response to the Second Conversion Notice.  Amyris did not respond to CVI's demand.

### Count I—Breach Of Contract

25.     CVI incorporates herein by reference the foregoing paragraphs as if fully set forth at length herein.

26.     CVI and Amyris are parties to a valid contract, the Note.

27.     Amyris has breached the parties' contract by failing to issue 1,852,518 shares of its stock to CVI as required by the Note.

28.     All conditions precedent (if any) to bring this action have been met.

29.     As a direct and foreseeable consequence of Amyris' breach of the Note, CVI has been denied its ownership rights with respect to the 1,852,518 shares of Common Stock that Amyris was required to—but did not—deliver to CVI on or before October 24, 2019.

30.     On account of Amyris' breaches and other defalcations, CVI has neither obtained nor realized the benefit of its bargain with Amyris.

31.     CVI is entitled to specific performance of the terms and conditions of the Note, and Amyris should be directed to immediately issue 1,852,518 shares of Common Stock to CVI. Amyris agreed in the Note that, in addition to CVI's other remedies for default, CVI is entitled to specific performance of Amyris' obligations under the Note.  *See* **Exhibit B**, Section 19.

32.     Amyris' wrongful actions have further prevented CVI from selling the Common Stock that already should have been delivered to CVI.

PHIL1 8328945v.3

33.     To the extent the Common Stock issuable to CVI declines in value from and after October 24, 2019, CVI is entitled to additional damages from Amyris, in addition to all other remedies available under the Note.

WHEREFORE, plaintiff CVI respectfully demands judgment in its favor and against Amyris for breach of contract in the nature of an award of specific performance, and for any other damages resulting from Amyris' breach, plus attorney's fees, costs, interest and such other and further relief as the Court deems just and proper.

### Count II—Declaratory Judgment

34.     CVI incorporates herein by reference the foregoing paragraphs as if fully set forth at length herein.

35.     There is an actual and justiciable controversy between CVI, on the one hand, and Amyris, on the other hand, pertaining to Amyris' obligations to honor Conversion Notices issued by CVI to Amyris in accordance with the terms of the Note.

36.     All parties necessary for the adjudication of this controversy are before this Court.

37.     Among other things, the Note clearly provides that, until all of Amyris' obligations under the Note are fully satisfied, CVI may elect to convert all or part of the amount of the Note into Common Stock.

38.     CVI has no affirmative obligations to Amyris pursuant to the Note or any other instrument—CVI's performance is complete and the only obligation remaining between the parties is one-sided, being the satisfaction of the Note obligations by Amyris.

39.     As a result of the foregoing, CVI is entitled to a declaratory judgment against Amyris that Amyris shall be required to honor subsequent Conversion Notices transmitted by CVI to Amyris under the Note by (a) providing the required notice to the Transfer Agent no later than the Transfer Agent Notice Date and (b) causing the Common Stock issuable to CVI under

any such Conversion Notice to be delivered to CVI no later than the Share Delivery Deadline.

WHEREFORE, plaintiff CVI respectfully demands declaratory judgment in its favor and against Amyris, specifically, that Amyris must honor all Alternate Conversion Notices issued by CVI pursuant to the Note, plus attorney's fees, costs and such other and further relief that the Court deems just and proper.


KLEHR HARRISON
HARVEY BRANZBURG LLP


Dated:  October 31, 2019                                  //s//  Matthew J. Borger
                                                         Matthew J. Borger
                                                         5 Penn Plaza, 23rd Floor
                                                         New York, NY 10001
                                                         Tel  (332) 600-5580
                                                         Fax  (332) 600-7230
                                                         mborger@klehr.com

                                                         *Attorneys for Plaintiff,*
                                                         *CVI Investments, Inc.*

                                                                -and-

                                                         Richard M. Beck
                                                         William J. Clements
                                                         KLEHR HARRISON
                                                         HARVEY BRANZBURG LLP
                                                         1835 Market Street, 14th Floor
                                                         Philadelphia, PA 19103
                                                         Tel  (215) 569-2700
                                                         Fax  (215) 568-6603
                                                         rbeck@klehr.com
                                                         wclements@klehr.com

                                                         *Of Counsel to Plaintiff,*
                                                         *CVI Investments, Inc.*